IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**GREGORY DOCTOR,**

    Petitioner,

vs.                                Case No. 4:08cv106-MP/WCS

**JUSTICE FRED LEWIS, et al.,**

    Respondents.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

    This cause is before the court on a pro se 28 U.S.C. § 2241 petition for writ of habeas corpus.  Doc. 1.  Petitioner also filed a motion to proceed in forma pauperis, doc. 2, which is denied by separate order as moot since the filing fee was paid.

    Petitioner is detained at the Leon County Jail.  According to the website for jail, he was been charged with grand theft in cases 2003CF887A1 and 2003CF887A2, presumably two counts in one case.  Holds have been filed for warrants in Marion County (for grand theft) and Sumter County (worthless checks), and an out-of-state fugitive warrant was filed by the State of Georgia, Fulton County.  The booking date on all charges was July 24, 2006.

Petitioner claims that the current charges were filed in 2001 yet he was not arrested on them until November 2, 2005, in Pasco County.  He asserts that he was at that time held on Pasco County charges but was not yet serving a sentence on those charges.  In grounds one and two Petitioner asserts a denial of due process, equal protection, and international law as the speedy trial time has run.  In ground three he claims that the conditions of confinement constitute cruel and unusual punishment, and that he has suffered two heart attacks and now needs surgery as a result.  In ground four, Petitioner claims – based on the previous claims – that the case is being prosecuted in bad faith.

Petitioner seeks the following from the court:

(1) Enjoin Petitioner's pending State criminal prosecution;

(2) Remove pending State prosecution to federal court;

(3) Enter an order dismissing pending State prosecution;

(4) Evidentiary hearing;

(5) Certificate of probable cause and / or appealability;

(6) Appointment of federal counsel.

Doc. 1, p. 6.

At the outset, "[t]he appropriate Eleventh Circuit relief from prison conditions that violate the Eighth Amendment ... is to require the discontinuance of any improper practices, or to require correction of any condition causing cruel and unusual punishment."  Fernandez v. United States, 941 F.2d 1488, 1494 (11th Cir. 1991), *quoting* Gomez v. United States, 899 F.2d 1124, 1126 (11th Cir. 1990).  "Release from

confinement is not a possible remedy." 941 F.2d at 1494. Ground three does not state a claim for habeas corpus relief.

As to the other claims, pending state charges may be challenged in extraordinary circumstances under § 2241, but only if one of the narrow exceptions to the *Younger* abstention doctrine[1] is met. See Hughes v. Attorney General of Florida, 377 F.3d 1258, 1261-64 (11th Cir. 2004), *cert. denied*, 543 U.S. 1051 (2005), discussing Younger (other citations omitted). Exhaustion of state remedies is required. 377 F.3d at 1262 (noting the "petitioners have met the exhaustion requirements necessary to obtain relief pursuant to 28 U.S.C. § 2241.") (footnote omitted).[2]

But "habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489, 93

---

[1] Considerations of comity between the federal and state judicial systems require that federal courts abstain from enjoining state criminal proceedings absent a showing of bad faith prosecution, harassment, or other unusual circumstances which call for equitable relief. Younger v. Harris, 401 U.S. 37, 44, 53-54, 91 S.Ct. 746, 750, 754-55, 27 L.Ed.2d 669 (1971). This applies to actions for declaratory relief as well. 401 U.S. at 41, n. 2, 91 S.Ct. at 749, n. 2; Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971) (decided the same day as Younger). The injury incidental to every prosecution brought lawfully and in good faith does not entitle a state defendant to equitable relief in federal court even if the statute he is alleged to have violated is unconstitutional. 401 U.S. at 49, 91 S.Ct. at 753.

[2] A person held in pre trial detention is not in custody pursuant to a state court judgment for 28 U.S.C. § 2254 purposes, and therefore properly proceeds under § 2241. 377 F.3d at 1261-1262 (citations omitted). Petitioner indicates that he has been sentenced in Pasco County, if so there is presumably a state judgment and the petition would be subject to the limitations of 28 U.S.C. § 2254. Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004), *cert. denied,* 543 U.S. 1063 (2005) ("where a prisoner is in custody pursuant to the judgment of a state court, his petition is subject to both § 2241 and § 2254") (citation omitted).

S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973) (citation omitted); Georgalis v. Dixon, 776 F.2d 261, 262 (11th Cir. 1985) (federal habeas corpus could not be used "absent special and unique circumstances" to adjudicate the merits of speedy trial defense to pending state charges) (citing Braden, other citation omitted).  In Braden, the petitioner could proceed by habeas corpus because he sought to enforce the state's obligation to bring him to trial, and was not attempting "to abort a state proceeding or to disrupt the orderly functioning of state judicial processes."  410 U.S. at 491, 93 S.Ct. at 1128.

Petitioner indicates no attempt to exhaust state remedies.  Even aside from exhaustion, he is not entitled to federal habeas corpus relief.  Petitioner is raising affirmative defenses to untried state charges, and special circumstances justifying review have not been shown.  *See also* Dickerson v. Louisiana, 816 F.2d 220, 225-22 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987) ("the same federalism reasons that prevent a defendant's sixth amendment claims from 'derailing' a pending state proceeding unless 'special circumstances' exist also renders pretrial habeas corpus relief an inappropriate vehicle to consider the merits of [his] due process claim;" noting both claims could be presented to the state court at trial) (discussing Braden, citations and footnote omitted).

Finally, Petitioner seeks removal of his prosecution to federal court. He has not complied with the procedures for removal, and is clearly not entitled to removal based on his allegations of a speedy trial violation.  *See* 28 U.S.C. § 1446(c) (setting forth procedures for removal of a criminal prosecution); Johnson v. Mississippi, 421 U.S. 213, 219-222, 95 S.Ct. 1591, 1595-97, 44 L.Ed.2d 121 (1975) (discussing the two-pronged

test for removal under 28 U.S.C. § 1443).[3]  *See also* <u>State v. Haws</u>, 131 F.3d 1205, 1209 (7th Cir. 1997) (removal of state prosecution was untimely as filed later than 30 days after arraignment; moreover, "Haws makes no allegations about race so the removal statute [§ 1443] does not apply.").

It is therefore respectfully **RECOMMENDED** that the § 2241 petition, challenging untried state charges against Petitioner, be **SUMMARILY DISMISSED** as it plainly appears Petitioner is not entitled to relief in this court.

**IN CHAMBERS** at Tallahassee, Florida, on May 30, 2008.

> s/   William C. Sherrill, Jr.
> **WILLIAM C. SHERRILL, JR.**
> **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[3] Section 1443 provides for removal of civil actions or criminal prosecutions involving civil rights matters.  The other removal statutes have no application here.  28 U.S.C. § § 1441(allowing removal of civil actions); 1442 (allowing removal of civil or criminal cases against federal officers or agencies); 1442a (allowing removal of civil or criminal cases against members of armed forces); 1444 (allowing removal of foreclose actions against the United States).